# IN THE UNITED STATES DISTRICT COURT
# IN THE DISTRICT OF NEW MEXICO

**PAUL SUNDOWN MOYA,**

    Plaintiff,

  vs.                                                                   CIVIL NO. 98-1172 DJS/WWD

**STATE OF NEW MEXICO COMMISSION
ON HIGHER EDUCATION, LILLIAN
MONTOYA-RAEL, in her official capacity,
and KATHERINE CANTRELL, in her
official capacity,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Summary Judgment filed October 27, 1999. Plaintiff filed his Complaint for Damages for Discrimination on the Basis of Race, Age, and Disability in Violation of Title VII of the Civil Rights Act of 1964 as amended, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA") on September 25, 1998. Plaintiff alleges that he was discriminated against by the Defendant by failing to hire him for a position for which he applied. The Defendant moves for summary judgment with respect to all counts on the grounds that its decision not to hire the Plaintiff was not based on Plaintiff's race, age or alleged disability.

**Legal Standard**

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories,

1

and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Once the moving party has demonstrated that there is no genuine issue of material fact, the burden shifts to the non-moving party to show that there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The party opposing summary judgment may not rely on the mere allegations or denials of his pleadings but must set forth specific admissible facts showing that there is a genuine issue for trial. "The mere existence of a scintilla of evidence in support of the nonmovant's position is insufficient to create a dispute of fact that is 'genuine'; an issue of material fact is genuine only if the nonmovant presents facts such that a reasonable jury could find in favor of the nonmovant." Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997). The non-movant must make a showing sufficient to establish the existence of [every] essential element to the party's case and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). "'Even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.'" Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (5th Cir. 1996).

In this case, Plaintiff relies, for the most part, on conclusory allegations in an affidavit signed by him to oppose Defendant's Motion for Summary Judgment. An affidavit with mere allegations will not defeat a summary judgment motion. Butler v. City of Prairie Village, 974 F. Supp. 1386 (D. Kan. 1997) *rev'd* 172 F.3d 736 (1999) *citing* Nicholas v. Hurley, 921 F.2d 1101, 1114 (10th Cir. 1990). ("Fed.R.Civ.Pro. 56 demands something more specific than the bald assertion of the general truth of a particular matter, rather it requires affidavits that cite specific concrete facts establishing

2

the existence of the truth of the matter asserted."); Patterson v. Chicago Association for Retarded Citizens, 150 F.3d 719 (7th Cir. 1998)( "[S]elf-serving affidavits without factual support in the record will not defeat a motion for summary judgment."); Karazanos v. Navistar Int'l Trans. Corp., 948 F.2d 332, 337 (7th Cir. 1991)("[A] plaintiff's speculation is not a sufficient defense to a summary judgment motion.")

**Race Discrimination**

To prove a *prima face* case of race discrimination in a hiring situation Plaintiff must establish that:

>(1) [he] belongs to a minority group; (2) [he] was qualified [to be hired]; (3) [he] was not [hired]; and (4) that the position remained open or was filed with a non-minority.

Simms v. Oklahoma ex rel. Department of Mental Health, 165 F.3d 1321, 1328 (10th Cir. 1999), *cert denied.* 120 S. Ct. 53, *citing* Reynolds v. School Dist. No. 1, Denver, Colo., 69 F.3d 1523, 1534 (10th Cir. 1995).

Plaintiff cannot prevail on this claim because he cannot establish a *prima facie* case of discrimination. The position at issue, Manager V, was offered to and accepted by Timothy A. Sanchez, a Native American from the Jemez Pueblo. This fact is undisputed. Plaintiff offers no evidence contrary to Defendant's assertion that the position was filled by a minority. Having failed in this regard, there is no need to address Plaintiff's remaining claims of race discrimination.

**Age Discrimination**

The Tenth Circuit applies the McDonnell Douglas burden-shifting analysis to claims of discrimination based on the ADEA. In an age discrimination case Plaintiff bears the initial burden of

establishing a *prima facie* case by showing:

> 1) [he] is a member of the class protected by the [ADEA]; 2) [he] suffered an adverse employment action; 3) [he] was qualified for the position at issue; and 4) [he] was treated less favorably than others not in the protected class.

Bullington v. United Airlines, Inc., et al., 186 F.3d 1301(10th Cir. 1999).

In this analysis the Court will assume though does not decide that Plaintiff has made a *prima facie* showing of age-based discrimination. Morgan v. Hilti, Inc., 108 F.3d 1319, 1323 (10th Cir. 1997). Further, the Court finds that Defendant has met its burden in establishing that it had a nondiscriminatory reason for its decision to hire Mr. Sanchez over Mr. Moya because Mr. Sanchez is more qualified. The undisputed facts support this reason. Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 257 (1981). (Defendant "need only produce additional evidence which would allow the trier of fact rationally to conclude that the employment decision has not been motivated by discriminatory animus."); EEOC v. Western Elec. Co., Inc., 713 F.2d 1011, 1014 (4th Cir. 1983). ("The employer is not required to prove the absence of a discriminatory motive, but merely articulate some legitimate reason for its action.")

The position at issue was a Manager V which involved the management of a "complex federally-funded State Early Intervention and Scholarship Partnership Program." Job posting, Defendant's Exhibit B. The primary goal of the program is to assist at-risk youth in graduation and going to college." Id. The job description stated that the job required a master's degree in a "discipline relevant to NMEISP Program goals, objectives, and strategies with a minimum of 5 years professional experience in a position relevant to early intervention." Id. The responsibilities included supervising paid and volunteer staff. Id. Plaintiff had a Master's degree in educational administration

4

from Harvard. His most recent education experience was in 1980. Plaintiff worked for the Department of Education for a five year period from 1975 to 1980. Plaintiff has not participated in any continuing education in the field of education in over 16 years. His most recent job experience, from 1983 to 1997, was as a technician with the State Highway Department. As a Technician I Plaintiff inspected all phases of highway construction and did not supervise any employees. As a Technician II his responsibilities were similar to that of a Technician I and he had no supervisory authority. According to Plaintiff's supervisor the Plaintiff was never asked to prepare or issue press releases or give seminars. He never represented the State Highway Department with respect to any outreach program and he never supervised other employees. Plaintiff testified that he kept up with developments in the field of education by reading newspapers. He further testified he stayed current with the needs of Native Americans by associating with the people of the pueblos.

Mr. Sanchez has a Master's in Higher Education from Stanford University. From 1995 to 1996 he assisted in planning and scheduling the Native American Higher Education Initiative conferences as the Assistant to the Director of American Indian and Alaska Native Program at Stanford University. He had authored and published an article on a topic related to the position at issue. During the time the position was vacant Mr. Sanchez had carried out many of the responsibilities of that position.

To survive summary judgment Plaintiff must establish more than a *prima facie* case. See Marx v. Schnuck Mkts., Inc., 76 F.3d 324, 327 (10th Cir. 1996) *cert denied*. 518 U.S. 1019. 1996). Plaintiff must establish by sufficient evidence that the reason advanced by the Defendant is pretextual, that is, "unworthy of belief." See Beaird v. Seagate Technology, Inc., 145 F.3d 1159, 1165 (10th Cir. 1998), *cert. denied*, 119 S.Ct. 617; Hooks v. Diamond Crystal Speciality Foods, Inc., 997 F.2d 793,

5

798 (10th Cir. 1993). Plaintiff must prove that the decision not to hire him was the result of intentional discrimination. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502 (1993). Plaintiff must establish there is a genuine issue of material fact as to Defendant's motive or intention in not hiring him.

Plaintiff argues the following evidence to show pretext. He was qualified for the position. He worked for the New Mexico Department of Education and lived most of his life in New Mexico. Mr. Sanchez had no work experience in New Mexico. The interview lasted only five minutes. The interviewers believed he was under the influence of alcohol during the interview.

Whether Plaintiff was qualified for the position or not is not material in this analysis. As previously stated, the Court assumes though does not decide that Plaintiff established a *prima facie* case. Thus, the Court assumes in its analysis that Plaintiff was qualified.

The fact that at one time Plaintiff worked for the Department of Education and lived most of his life in New Mexico does not change the analysis. These facts do not support a finding of pretext. They do not show that Defendant's motive or intent in not hiring him was illegal. They are not material to the issue.

There is disputed evidence on the length of the interview and whether Plaintiff was under the influence of alcohol. Plaintiff asserts the interview lasted only lasted five minutes. Defendant asserts the length was 45 to 50 minutes. Defendant thought Plaintiff had been drinking and Plaintiff said he had not. The facts put forth by the Plaintiff do not support any inference that Defendant discriminated against him because of his age. These facts do not indicate that Defendant was biased against the Plaintiff because of his age. They are simply not material to this issue. Any inference of such would be at best, speculative. Such speculation will not defeat a motion for summary judgment.

Karazanos, 948 F.2d at 337.

Plaintiff submitted an affidavit stating his belief that he was discriminated against. Plaintiff's subjective beliefs that he was discriminated against is insufficient to preclude summary judgment. See Rice v. USA, 166 F.3d 1088 (10th Cir. 1999); Aramburu v. The Boeing Company, 112 F.3d 1398 (10th Cir. 1997).

Plaintiff has failed to produce any evidence that age was a determinative factor in the hiring decision. He cannot prevail under the facts and record before the Court. Branson v. Price River Coal Company, 627 F. Supp. 1324 (D. Utah, 1986)("It is well established that the ADEA does not provide a basis for second guessing an employer's business judgments.")

**Discrimination based upon a disability**

To establish a *prima facie* case of discrimination under the ADA, Plaintiff must demonstrate that:

(1) he is 'disabled' with the meaning of the ADA, (2) he is qualified–with or without reasonable accommodation; and (3) he was discriminated against because of his disability.

Butler v. City of Prairie Village Kansas, 172 F.3d 736, 747 (10th Cir. 1999).

"Disability" is defined as:

(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment, or (C) being regarded as having such an impairment. 42 U.S.C. Sec. 12102 (20).

"The statutory requirement that disability determinations be made 'with respect to the individual,' contemplates an individualized, and case-by-case determination of whether a given impairment substantially limits a major life activity of the individual." Sutton v. United Airlines, Inc., 130 F.3d 893, 897 (10th Cir. 1997) (citations omitted), *aff'd*, 119 S. Ct. 2139 (1999).

7

A "physical impairment" is "any physiological disorder, or condition...or anatomical loss ...29 C.F.R. sec. 1630.2(h)(1). The physical impairment Plaintiff alleges include that his eyes appear red from time to time; due to surgery he speaks with a lisp; an injury to his left leg and back. There is no medical evidence to support Plaintiff's contention that he suffers from these physical problems. There is no general rule that medical evidence is always necessary to establish a disability. Katz v. City Metal Co., Inc., 87 F.3d 26 (1st. Cir. 1996). Some impairments may be obvious to a lay jury (ie. missing limb) and testimony by the Plaintiff himself would be sufficient that a jury could determine that he did suffer from a disability within the meaning of the ADA. However, in this case a lay jury could not rationally find a disability based on nothing more than Plaintiff's testimony. Id.

Further, Plaintiff does not have any evidence that any of these impairments substantially limit his ability to work, a major life activity. 29 C.F.R. sec. 1630.2(i). To determine whether an impairment substantially limits a major life activity three factors should be considered.: "(i) the nature and severity of the impairment (ii) the duration or expected duration of the impairment; (iii) the permanent or long term impact, or the expected permanent or long term impact of or resulting from the impairment." 29 C.F.R. sec.1630.2(j)(3)(i). Plaintiff presented no evidence on these factors other than his affidavit. As discussed above, this is insufficient.

Further, to demonstrate that an impairment "substantially limits" the major life activity of working, Plaintiff must show a "significant restriction in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. sec.1630.2(j)(3)(i). Plaintiff lists sixteen, what he terms as classes of employment he cannot do because of his inability to stand for eight hours; lift patients, sit for long periods, and he has lifting restrictions; and he cannot travel for more than four hours. There

is also undisputed evidence that Plaintiff worked full-time, without any accommodation, as a technician for the State Highway Department for approximately fourteen years before he applied for the position and for two years after he applied for the position. Again, Plaintiff's evidence is insufficient. Self-prescribed work restrictions do not establish a disability. Kalekiristos v. CTF Hotel Management Corp., 958 F. Supp. 641 (D.D.C. 1997) *aff'd* 132 F.3d 1481.

Plaintiff alleges he is a disabled veteran and that Defendant regarded Plaintiff as having an impairment and failed to hire him as a result of that perception. Again, there is no evidence of a record of impairment. Plaintiff submits an unauthenticated letter indicating he receives disability pay from the Veterans Administration. This evidence is not admissible and thus cannot be considered. Fed.R.Civ.P. 56. Moreover, even if considered admissible evidence it is insufficient evidence under the ADA. Howell v. Sam's Club, 959 F. Supp. 260, 268 (E.D. Pa. 1997) *aff'd* 114 F.3d 1153 (3rd Cir. 1998). (known back impairment found not to impair employee in the major life activity of working although he was classified as twenty percent disabled by the Veterans' Administration.)

There is no evidence that Plaintiff was "regarded" as having an impairment. The EEOC describes "regarded as having an impairment" as:

> (1) Has a physical or mental impairment that does not substantially limit major life activities but is treated by a covered entity as constituting such limitation:
>
> (2) Has a physical or mental impairment that substantially limits major life activities only as a result of the attitudes of others toward such impairment, or
>
> (3) Has none of the impairments defined [in the regulations] but is treated by a covered entity as having a substantially limiting impairment.

20 C.F.R. sec. 1630.2(1). Plaintiff alleges he is a disabled veteran and that Defendant regarded

Plaintiff as having an impairment and failed to hire him as a result of that perception. Plaintiff also appears to allege that the Defendant perceived him as having a drinking problem and failed to hire him as a result of that perception. There is simply no evidence that the Defendant regarded Plaintiff as having an impairment. The only evidence before this Court other than Plaintiff's conclusory affidavit is that Defendant did not hire him for this one particular position. The Supreme Court in Sutton made it clear that does not constitute a substantial limitation in a major life activity of working. Sutton, 130 F.3d at 904.

To conclude, a review of the evidence clearly shows there is not even *de minimus* evidence that Plaintiff's legitimate reasons for its hiring decision was a pretext. Plaintiff has not carried his burden and has submitted no evidence that he is a victim of illegal discrimination. For all the forgoing, Defendant will be granted summary judgment.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that Defendant's Motion for Summary Judgement is granted.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed with prejudice.

_____
DON J. SVET
UNITED STATES MAGISTRATE JUDGE